IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-627-D

| | | |
|---|---|---|
| ARTHUR O. ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 5, 2013, in Wake County Superior Court, Arthur O. Armstrong filed a complaint naming as defendants the State of North Carolina, Charles Miller Law Office; the City of Sacramento, California, and Wells Fargo Dealer Services (hereinafter "Wells Fargo") [D.E. 1-1]. On August 8, 2013, Armstrong filed an amended complaint in state court which includes Wake County District Attorney Colon Willoughby as a defendant [D.E. 9-3]. The complaint alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986. Id. On August 30, 2013, Wells Fargo removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 [D.E. 1].

On September 5, 2013, defendant Charles Miller Law Office filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) [D.E. 8]. On September 23, 2013, defendant Wells Fargo filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 24]. On October 2, 2013, defendant Charles Miller Law Office filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) [D.E. 36]. The court notified Armstrong of his right to respond to the motions to dismiss [D.E. 11, 39], and Armstrong filed twenty-two responses in opposition [D.E. 14, 68–89] Additionally, Armstrong has filed twenty-four motions purporting to seek summary judgment [D.E. 18, 29–35, 40, 42, 51, 96–106] and 157 personal

affidavits [D.E. 18-1, 20, 29-1, 30-1, 31-1, 32-1, 33-1, 34-1, 35-1, 40-1 through 40-6, 42-1, 43-1, 44-1, 45-1, 46-1 through 46-19, 47-1 through 47-28, 48-1 through -23, 49-1, 50-1, 51-1 through 51-7, 52-1 through 52-3, 53-1 through 53-3, 54-1, 55, 56-1, 57-1, 58-1, 59-1, 60-1, 62-1, 63-1, 64-1, 65-1, 66-1, 67-1, 68-1, 69-1, 70-1, 71-1, 72-1, 73-1, 74-1, 75-1, 76-1, 77-1, 78-1, 79-1, 80-1, 81-1, 82-1, 83-1, 84-1, 85-1, 86-1, 87-1, 88-1, 89-1, 90, 91-1, 92-1, 93-1, 94-95, 96-1, 97-1, 98-1, 99-1, 100-1, 101-1, 102-1, 103-1, 104-1].[1] Armstrong also seeks leave of court to add defendants [D.E. 19] and amend his complaint [D.E. 107].

Armstrong needs no introduction. See Armstrong v. Virginia, No. 3:10CV802-REP, 2011 WL 1261628, at *4, 7 (E.D. Va. Mar. 16, 2011) (unpublished) (exhaustively cataloguing actions filed by Armstrong, noting that "Armstrong may be the most prolific active serial-filer in the United States" and describing "his well-known litigation tactic of 'piecemeal' pleading in the form of multiple motions" which "expand[] the class of would-be defendants to include anyone even tangentially connected with the incidents at issue"), report and recommendation adopted, 2011 WL 1984478 (E.D. Va. May 20, 2011) (unpublished). He

> has been a prolific litigant in federal and state court, see Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 617–18 & nn. 4–11 (M.D.N.C.1988), aff'd, 168 F.3d 481 (4th Cir. 1999) (table), and, in fact, has referred to himself as a "'semi-professional litigator,'" id. at 617. Before commencing litigation here, plaintiff was well known to the courts of the Eastern District of Pennsylvania, the Middle District of North Carolina, and Guilford County, North Carolina. As Judge Osteen recognized in 1998, which remains true today, "[p]laintiff has continued his predatory litigation in the face of sanctions and in disregard of injunctions." Id. at 618.

In re Arthur Armstrong, Nos. 5:03-CV-941-BR, [D.E. 50] 1 (E.D.N.C. Jan. 18, 2006) (consolidated

---

[1] The purported summary-judgment motions are wholly conclusory, and many appear to be repetitious or duplicative. Compare [D.E. 29] with [D.E. 30, 34–35, 43–44] (all alleging that Wells Fargo and other defendants "acted in a conspiracy" and/or "failed to conform to the requirements of the Federal Constitution and Laws of the United States").

2

with other cases), aff'd, 176 F. App'x 424 (4th Cir. Apr.20, 2006) (per curiam) (unpublished). Simply put, Armstrong is a litigating lunatic.

On March 29, 2013, Senior United States District Judge James C. Fox entered a superseding permanent injunction against Armstrong, which prohibits him from filing "any . . . document in the case, including any motions," unless the court concludes that his complaint "specifically identif[ies] the law(s) which Armstrong alleges was (were) violated, and . . . allege[s] all facts with specificity." Armstrong v. Woodard, No. 5:12-CV-805-F, [D.E. 26] 2 (E.D.N.C. Mar. 29, 2013). Thus, before addressing any of the pending motions, the court reviews the allegations of Armstrong's complaint. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." (citing Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989)).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Armstrong's first amended complaint alleges that defendants engaged in a conspiracy when they

    failed to conform to the requirements of the federal constitution and laws of the

3

United States when defendants acted with reckless indifference and wanton disregards for the truth or falsity and the rights of plaintiff and others when defendants conspired to go in disguise on the premise of the . . . Charles W. Miller Law firm for the purpose of depriving either directly or indirectly, the plaintiff of the equal protection of the laws or of equal privileges and immunities under the law; or for the purpose of preventing or hindering the constituted authorities within any State or Territory from giving or securing to the plaintiff within any State or Territory the equal protection of the law when defendants acted with including but not limited to: arbitrariness, capriciousness, malice, fraud, extortion, defamation, gross negligence, trickery, highway robbery, obstruction of justice, mail fraud, finance fraud, RICO, racketeering and pattern of racketeering activity . . . .

Am. Compl. [D.E. 9-3] 2. It appears that the "conspiracy" relates to a lienholder's petition filed in Wake County state court by Wells Fargo (represented by the Charles W. Miller Law Firm) based upon Wells Fargo's assertion that Armstrong had defaulted in his payments on a car loan and been criminally charged with driving while impaired and with a revoked license and failing to maintain insurance. Id. 2–4. Armstrong alleges that Wells Fargo "acted with civil rights violation" when it "repossessed the plaintiff's 2010 Kia Forte KNAFU4A22A5849831 and on September 19, 2011, sold the vehicle without due process of law in violation of the Fourth and Fourteenth Amendment to the Constitution of the United States." Id. 3. Armstrong alleges that "defendant" breached a contract with Armstrong by the repossession and subsequent sale and defamed Armstrong's character by its allegations in the lienholder's petition concerning criminal charges and payment defaults. Id. 3–4. Armstrong alleges that defendant Charles W. Miller Law Firm "acted with gross negligence toward the plaintiff" and "conspired with his client, Wells Fargo" when it "failed to investigate every phase of plaintiff's case prior to the action or investigated every phase of plaintiff's case prior to the action but failed to discover" that the allegations in the lienholder's petition were untrue. Id. 4. Armstrong finally alleges that Colon Willoughby maliciously prosecuted plaintiff when he, "without probable cause, proceeded with case against the plaintiff in the absence of or without the presence of plaintiff; then acted with gross negligence when defendant failed to

4

investigate every phase of plaintiff's case prior to the action, or investigated every phase of the case, but discovered or failed to discover a scintilla piece of fact or evidence" supporting the lienholder's petition. Id. 4–5.

Armstrong has failed to state a claim. See, e.g., Armstrong v. Virginia, 2011 WL 1261628, at *4–5 (rejecting a substantially similar complaint arising out of a series of events in which "Armstrong received a speeding ticket, failed to appear at the required court date, had a judgment entered against him accordingly, failed to pay a fine, and as an obvious consequence of all of this, his license was suspended, car impounded, and collection procedures commenced against him."). "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

As for any section 1983 claim against Wells Fargo or Charles Miller Law Office, section 1983 "excludes from its reach merely private conduct, no matter how . . . wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted); see Armstrong v. Medlin Motors, Inc., No. 5:12-CV-00806-FL, 2013 WL 1912590, at *2 (E.D.N.C. Apr. 15, 2013) (unpublished) ("Although Plaintiff asserts that '[t]he conduct complained of was engaged in under color of state law,' . . . he alleges no facts demonstrating any delegation of state authority to Defendants or other relationship between Defendants and the state as to render Defendants state actors for purposes of § 1983 liability"), report and recommendation adopted, 2013 WL 1932233

5

Case 5:13-cv-00627-D   Document 109   Filed 05/27/14   Page 5 of 9

(E.D.N.C. May 8, 2013) (unpublished). Such a limitation preserves an area of individual freedom by recognizing "that most rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (quotations omitted). Sometimes, a private party's actions may be deemed "state action," but only when "the state has so dominated such activity as to convert it to state action." Philips, 572 F.3d at 181. "Mere approval of or acquiescence in the initiatives of a private party is insufficient." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 (4th Cir. 2009) (quotations omitted). Plaintiff has failed to plausibly allege or demonstrate state action by these defendants.

To state a malicious prosecution claim under section 1983, a plaintiff must allege that a defendant: "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). Here, Armstrong has failed to allege any facts which could show that the process in his case was unsupported by probable cause. Moreover, Armstrong does not plausibly allege that any conviction was obtained through fraud or unfair means. Thus, the court dismisses the claim.

As for Armstrong's conspiracy claim, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Armstrong v. Cooper, No. 5:12-CV-00810-FL, 2013 WL 1914315, at *2 (E.D.N.C. Apr. 15, 2013) (unpublished), report and recommendation adopted, 2013 WL 1912607 (E.D.N.C. May 8, 2013) (unpublished). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See Hinkle, 81 F.3d at 421–23; Armstrong v. Cooper, 2013 WL 1914315, at *2.

6

Rather, a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421; Armstrong, 2013 WL 1914315, at *2. Armstrong fails to plausibly allege a "meeting of the minds" between any defendants. Cf. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555. Thus, Armstrong fails to state a claim for conspiracy.

Armstrong also claims that he was denied due process. Am. Compl. 3–4. To succeed in a procedural due process claim, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Kendall v. Balcerzak, 650 F.3d 515, 528 (4th Cir. 2011) (quotations omitted). "Procedural due process provides merely a guarantee of fair procedures—typically notice and an opportunity to be heard." Wolf v. Fauquier Cnty. Bd. of Supervisors, 555 F.3d 311, 323 (4th Cir. 2009) (quotation omitted). Armstrong has failed to plausibly allege any denial of due process. Cf. Northrup v. Albert, No. 5:09CV41-V, 2011 WL 6370136, at *8–9 (W.D.N.C. Dec. 20, 2011) (unpublished), appeal dismissed, 473 F. App'x 252 (4th Cir. 2012) (per curiam) (unpublished). Furthermore, Armstrong has alleged no government action that "shocks the conscience" and "violates the decencies of civilized conduct" sufficient to assert a claim for denial of substantive due process. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846–47 (1998) (quotation omitted) (collecting cases). Thus, Armstrong has failed to state a claim for denial of due process.

To the extent Armstrong asserts he was denied "equal protection of the laws," Am. Compl. 2–4, the Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from

7

others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Armstrong has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Armstrong has not made plausible allegations to support his equal protection claim. Thus, Armstrong has failed to state a claim upon which relief may be granted, and this claim is dismissed.

As for Armstrong's civil conspiracy claim pursuant to 42 U.S.C. § 1985, plaintiff must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiffs'] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Armstrong fails to plausibly allege a "meeting of the minds" between any of the named defendants to violate his constitutional rights. Cf. Iqbal, 556 U.S. at 678–79. Moreover, "[s]tate contract rights are not federal constitutional or statutory rights within the ambit of section 1985(3)." Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 572 (E.D.N.C. 2009) (collecting cases). Thus, Armstrong fails to state a claim for civil conspiracy under section 1985. Moreover, because Armstrong's section 1985 claim fails, Armstrong's section 1986 claim fails as well. Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985) ("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985."); see Davis v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995), aff'd, 87 F.3d 1308 (4th Cir. 1996).

8

To the extent plaintiff asserts a RICO claim, RICO provides civil remedies "when a plaintiff has suffered an injury to his business or property as a result of a violation of [18 U.S.C.] section 1962." Alley v. Angelone, 962 F. Supp. 827, 832 (E.D. Va. 1997). A RICO plaintiff must plead that the defendants engaged in or conspired to engage in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted); US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317–18 (4th Cir. 2010). A RICO plaintiff "must adequately plead at least two predicate acts of racketeering." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004). Here, Armstrong's wholly conclusory allegations concerning predicate acts are nothing more than mere "labels and conclusions." Iqbal, 556 U.S. at 678; see Giarratano, 521 F.3d at 304 n.5. Thus, Armstrong's RICO claim fails. See Adolphe v. Option One Mortgage Corp., No. 3:11-CV-418-RJC, 2012 WL 5873308 at *7 (W.D.N.C. Nov. 20, 2012) (unpublished); Watkins v. Clerk of the Superior Ct., No. 3:12-CV-033-RJC-DCK, 2012 WL 5872751, at *7 (W.D.N.C. July 10, 2012) (unpublished).

In sum, the court DISMISSES the action as frivolous, and DENIES AS MOOT all pending motions [D.E. 8, 17–19, 24, 29–36, 40, 42, 51, 96–104, 106–107]. In accordance with the pre-filing injunction, the court determines that an appeal of this order would be frivolous. The clerk shall close the case.

SO ORDERED. This 27 day of May 2014.

JAMES C. DEVER III
Chief United States District Judge

9